S. H. DeRoy & Company v. Commissioner.
S. H. DeRoy & Co. v. Commissioner
Docket No. 109581.
United States Tax Court
1944 Tax Ct. Memo LEXIS 261; 3 T.C.M. (CCH) 451; T.C.M. (RIA) 44154; May 9, 1944
*261 J. Marvin Haynes, Esq., 916 Investment Bldg., Washington, D.C., for the petitioner. Richard L. Shook, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This proceeding involves deficiencies in petitioner's income and excess profits taxes for the fiscal year ended July 31, 1937, in the respective amounts of $24,826.42 and $4,024.79. Petitioner alleges as error in its original petition the inclusion in gross income, on account of the forgiveness of an indebtedness, of "a gratuitous contribution to the capital of the petitioner in the amount of $80,326.29." In an amended petition the petitioner claims that it is entitled to additional credits of $57,620.08 in the determination of its surtax on undistributed profits. The Commissioner filed an answer to the amended petition in which he denied the allegations of error therein and later filed an amended answer to the amended petition in which he affirmatively alleges that petitioner realized, on the same transaction, additional income of $47,228 and that the deficiencies as determined in the deficiency notice should be increased accordingly. Petitioner denies this affirmative allegation. At the hearing counsel for the Commissioner *262 conceded that petitioner is entitled to a credit amounting to $30,175.61 in the determination of the surtax on undistributed profits for 1937. [The Facts] The facts are stipulated and we adopt the stipulation as our findings of fact herein. Petitioner is a Pennsylvania corporation with its principal place of business at Pittsburgh. Its income and excess profits tax return for the taxable year involved was filed with the collector of internal revenue for the twenty-third district of Pennsylvania. Petitioner conducts a retail jewelry business, largely on a credit basis. It is the successor in that business of a partnership which was composed of two brothers, Samuel H. DeRoy and Emanel I. DeRoy, and their father, Israel DeRoy. The partnership became bankrupt and in July 1930 its assets were acquired by another brother, Aaron DeRoy, who conducted an automobile business at Detroit, Michigan. The partnership creditors were paid off partly in cash and partly in promissory notes. Aaron DeRoy organized the petitioner corporation and transferred the partnership assets to it, subject to the claims of the partnership creditors, in exchange for all of its capital stock, consisting of *263 1,000 shares of a par value of $100 each, and $350,000 face value of six percent ten-year debenture bonds. The stock and bonds were then transferred by Aaron DeRoy to the Aaron DeRoy Management Corporation of Michigan, hereinafter referred to as Michigan. Petitioner suffered severe operating losses during some of the years of its operation and by July 31, 1937, it had become insolvent. It was in default on the interest on its bonds, which was owing to Michigan, and on its rent to a wholly owned subsidiary of Michigan, the Aaron DeRoy M&nagement Corporation of Pennsylvania. On September 10, 1936, Samuel H. DeRoy and Emanuel I. DeRoy, hereinafter referred to jointly as the DeRoy Brothers, entered into an agreement with Michigan under which they purchased from Michigan for $70,000 all of petitioner's capital stock (1,000 shares of the par value of $100 each), all of petitioner's debenture bonds (in the face amount of $135,000) together with accrued and unpaid interest thereon from the date of issue, and also an indebtedness (in an amount not shown) which petitioner owed Michigan for moneys advanced up to September 1, 1936. The $70,000 was to be paid to Michigan at the rate of $1,000 *264 per month beginning October 1, 1936, until fully paid. Petitioner's stock was reissued to the DeRoy Brothers in their joint names but was held by Michigan, together with the bonds, as collateral security on the indebtedness. By July 3, 1937, the DeRoy Brothers had paid Michigan $10,000 of the $70,000 indebtedness. On July 29, 1937, they borrowed $60,075.80 from petitioner with which they paid off the balance of the indebtedness. Michigan thereupon released petitioner's stock and bonds to them and also assigned to them its accounts receivable from petitioner, as of September 1, 1936, amounting to $30,139.13. On the same date the DeRoy Brothers assigned to petitioner all of its outstanding debenture bonds in the face amount of $135,000 with accrued interest thereon amounting to $56,700, together with the $30,139.13 of its accounts payable. There was no consideration for this assignment, it being the intention of the DeRoy Brothers to make a capital contribution to the petitioner in the amount of the bonds, accrued interest thereon, and the accounts payable. The transaction was recorded in the minutes of a meeting of the petitioner's directors held July 28, 1937, as follows: "Mr. Samuel *265 H. DeRoy stated that he and Emanuel I. DeRoy had heretofore acquired ownership of all outstanding capital stock of the company, and are now the owners of 135 - $1,000.00 outstanding Debenture Gold Bonds of the company, with attached coupons, together with the assignment of the account due by the company to the Aaron DeRoy Management Corporation of Michigan in the sum of $30,139.13, and that they desire to make capital contribution to the company and forego said indebtedness due and payable on said bonds with accrued and unpaid interest thereon, as well as the aforesaid account payable. On motion duly made, seconded and carried, it was unanimously "RESOLVED: That the offer of Samuel H. DeRoy and Emanuel I. DeRoy to contribute to the company cancellation of the indebtedness due on the 135 - $1,000 Debenture Gold Bonds of the company, and the account payable to the Aaron DeRoy Management Corporation of Michigan, now assigned to the said Samuel H. DeRoy and Emanuel I. DeRoy in the sum of $30,139.13 be accepted, and that said corporate indebtedness be cancelled by a capital contribution by the said Samuel H. DeRoy and Emanuel I. DeRoy to this company." The sum of the above amounts of *266 interest, rent and accounts payable, with certain adjustments not here material, was entered in petitioner's books as a credit to paid-in surplus. In arranging for the loan to the DeRoy Brothers petitioner borrowed $35,000 from the Keystone National Bank of Pittsburgh on a note endorsed by both of the DeRoy Brothers; borrowed $22,075.80 on two policies of insurance on the lives of the DeRoy Brothers which had been assigned to it for that purpose by Michigan, to whom they had been previously assigned; and used $3,000 of its own funds. By May 1, 1940, the DeRoy Brothers had repaid the entire amount of the loan to petitioner. Just prior to the forgiveness of its indebtedness by the DeRoy Brothers, as related above, petitioner's books showed total assets of $567,499.97 and total liabilities of $657,778.18. Immediately thereafter they showed total assets of $567,499.97 and total liabilities of $439,945.68. The deductions which petitioner took on account of the interest on its bonds and the rent referred to above in its returns for the years 1931 to 1937, inclusive, resulted in the reduction of its taxable income as follows: Fiscal
Taxable
Items Contributed
Reduction in
Year
Income
Rent
Interest
Taxable Income
1931
$34,969.05    $4,830.40
$8,100.00
$12,930.40
1932
99,621.51 (R)
7,200.00
8,100.00
1933
19,099.06 (R)
1934
509.71 (R)
1935
1,405.76 (R)
8,100.00
6,694.24
1936
11,692.17    7,650.00
8,100.00
15,750.00
1937
17,471.02    750.00
8,100.00
8,850.00
Reduction in taxable income
$44,224.64
*267 The Commissioner's contention is that by reason of the forgiveness of its indebtedness by the DeRoy Brothers petitioner realized taxable income of $127,554.29, the amount by which it was rendered solvent by the transaction. Petitioner contends that the forgiveness of its indebtedness was a gift which did not result in any realization of taxable income. In , the Supreme Court held that the taxpayer, a corporation, realized no taxable income from the forgiveness of back rent and accrued interest on its promissory notes issued in prior years for merchandise. The forgiveness of the indebtedness there was found to be a "gift" to the corporation. The taxpayer was not insolvent at the time of the forgiveness. All of the cancelled rent and a large portion of the cancelled interest had been deducted in taxpayer's returns for prior years and had served to offset taxable income. On similar facts we applied the rationale of the American Dental Co. case in , and . The facts in the instant *268 case do not differ in any respect disadvantageous to the petitioner from those in the cited cases. At the time of the forgiveness petitioner was insolvent. The forgiving creditors owned substantially all of its capital stock. They had a valid business reason for cancelling the debts, namely, to relieve petitioner of its burdensome indebtedness and to put it on a sound financial footing. In this respect the facts are similar to those in The parties to the transaction here all treated it as a contribution to petitioner's capital, and such we think it was. The Supreme Court pointed out in the American Dental Co. case that: * * * Where a stockholder gratuitously forgives the corporation's debt to himself, the transaction has long been recognized by the Treasury as a contribution to the capital of the corporation. Regulations 45, Art. 51, through to Regulations 94, Art. 22 (a)-14. . The evidence does not support the Commissioner's contention that the loan of $60,075.80 which petitioner made to the DeRoy Brothers *269 was in consideration for the cancellation of its indebtedness. The Commissioner has conceded that petitioner is entitled to a credit of $30,175.61, the amount of its deficit in accumulated earnings and profits in the computation of its surtax on undistributed profits for 1937. Decision will be entered under Rule 50.